ORDER ON GOVERNMENT’S MOTION TO DISQUALIFY

HOEVELER, Senior District Judge.
THIS CAUSE comes before the Court upon the Government’s Motion to Disqualify Counsel [for Defendant Abbell and Defendant Pereira-Salas], filed June 27,1996. Defendant Abbell filed a (sealed) Response on July 15,1996. The Court heard argument as to Defendant Abbell’s counsel [Howard Sreb-nick, Esq.] on July 18, 1996; subsequent to which the parties submitted post-hearing memoranda. Defendant Pereira-Salas filed a Response to the Government’s Motion on July 19,1996. The Court heard argument as to Defendant Pereira-Salas’ counsel [Irwin Liehter, Esq.] on August 20,1996.

I. Background

This case is proceeding to trial under the Fourth Superseding Indictment, filed June 20, 1996. The allegations as to Defendant Abbell are found in Count I (RICO conspiracy), Count II (substantive RICO), Count III (conspiracy to import of cocaine), Count IV (conspiracy to distribute cocaine) and Count IX (money laundering); those as to Defendant Pereira-Salas are found in Counts I, III, IV and IX (all as described above). Trial is scheduled to commence on November 18,1996.
Defendant Abbell was previously represented by Roy Black, Esq. Mr. Black’s representation of Defendant Abbell was the subject of an earlier Motion to Disqualify, filed by the Government. In an Order dated September 20, 1995, this Court denied the Government’s Motion to Disqualify Mr. Black. On February 29, 1996, Mr. Black filed a Notice of Withdrawal as Temporary Attorney of Record. Howard Srebnick, Esq., filed a Notice of Appearance as Trial Counsel on June 4, 1996, on behalf of Defendant Abbell. Throughout these proceedings, Mr. Srebnick has worked in the same office with Mr. Black. [Mr. Srebnick was previously Mr. Black’s associate, and has recently — based on recent changes reflected in the firm letterhead — entered into a partnership with Mr. Black.] Mr. Srebnick previously represented, and continues to represent, Defendant Hugo Perera. Defendant Perera entered into a plea agreement on February 14, 1996. The Court was advised at the hearing on July 18,1996, that Defendant Perera’s family has recently retained co-counsel, John Mattes, Esq., on Defendant’s behalf.
Defendant Jose Luis Pereira-Salas was arrested in July 1996 and after a very brief period of representation by court-appointed counsel (Steven Kassner, Esq.) [1] Defendant Pereira-Salas retained Irwin Liehter, Esq., and Thomas Almon, Esq., as co-counsel.

*862
II. Analysis

The Supreme Court, in 1988, stated that a district court “must recognize a presumption in favor of [defendant’s counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict.” Wheat v. United States, 486 U.S. 153, 164, 108 S.Ct. 1692, 1700, 100 L.Ed.2d 140 (1988). The conflict may arise under varying circumstances, e.g., representation of co-defendants, attorney as witness in same proceeding, attorney’s interest in the outcome of litigation, etc. The standards for disqualification of an attorney derive from the pertinent disciplinary rules. The Court will separately address the arguments regarding disqualification of each Defendant’s counsel.

A. Disqualification of Irwin Lichter as counsel for Defendant Jose Luis Pereirar-Salas

The Government argues that Irwin Lichter should be disqualified from representing Defendant Jose Luis Pereira-Salas because Mr. Lichter was a witness before the grand jury in this matter and will be called as a witness for the Government at the trial of this case. The Government correctly identifies the potential prejudice which may be visited upon the Government’s position when a defense lawyer is both offering statements as evidence (in his role as a witness) and arguing for an analysis of evidence (in his role as advocate). Defendant argues that he desires to have Mr. Lichter as counsel, that the testimony that Mr. Lichter will be called to provide does not involve Defendant Pereira-Salas, and that, in any event, co-counsel Thomas Almon can handle those portions of the trial during which Mr. Lichter must testify-
The Court has deep reservations about denying a defendant his/her counsel of choice. The present circumstances will create a significant problem, however, if Defendant proceeds to trial. Defendant’s chosen counsel, Mr. Lichter, will be called to testify as to his role in representing an individual, George Morales, who is an at-large co-Defendant in this ease. A more pertinent conflict arises from the fact that the representation of Morales allegedly was arranged by co-Defendant William Moran, using an apparent alias for Morales, “Eduardo Medina-Romero”.
A description of this act is found at p. 48 of the Fourth Superseding Indictment:
98. On or about September 16, 1990, WILLIAM MORAN called another attorney to represent “Eduardo Medina-Romero”, whom MORAN did not identify to the attorney as GEORGE MORALES or as a fugitive.
100. On or about September 21, 1990, WILLIAM MORAN caused the delivery of $2,500 to the attorney he had obtained to represent “Medina-Romero”.
The act of arranging this representation also appears in Racketeering Act 7 (obstruction of justice and money laundering) of Count II, p. 118 of the Fourth Superseding Indictment:
... WILLIAM MORAN, at the direction of MIGUEL RODRIGUEZ-OREJUELA, secured counsel for “Eduardo Medina-Romero”, knowing that “Eduardo Medina-Romero” was an alias used by GEORGE MORALES, in violation of Title 18, United States Code, Sections 1503 and 2.
The inherent difficulties presented when an attorney will be both counsel and witness in a proceeding are the subject of various rules and guidelines governing an attorney’s conduct. One appellate court has enunciated the sources of guidance for a district court’s inquiry into an attorney’s conduct: the local rules, ethical rules announced by the national profession in light of the public interest and the litigant’s rights: including the American Bar Association (ABA) Model Rules and the ABA Model Code[2], and state rules. Federal *863 Deposit Insurance Corporation v. United States Fire Insurance Co., 50 F.3d 1304 (5th Cir.1995).
The Local Rules for the Southern District of Florida provide that attorneys shall be governed by the Rules of Professional Conduct (Chapter 4 of the Rules Regulating The Florida Bar) and, “to the extent not inconsistent with the preceding, the ABA Model Rules of Professional Conduct ...” S.D.Fla. Rules Governing Attorney Discipline, Rule I.
The Rules of Professional Conduct, applicable to attorneys practicing before this Court, provide that:
A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
(3) the testimony relates to the nature and value of legal services rendered in the case; or
(4) disqualification of the lawyer would work substantial hardship on the client.
Rule 4-3.7(a), Rules Regulating The Florida Bar (emphasis added). The Comment to this Rule notes that the problem “can arise whether the lawyer is called as a witness on behalf of the client or is called by .the opposing party.” Comment, Rule 4-3.7, Rules Regulating the Florida Bar (emphasis added).
By comparison, Rule 3.7(a) of the ABA Model Rules of Professional Conduct provides:
A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification would work substantial hardship on the client.
Both Rule 3.7(a)(3) and Rule 4-3.7(a) recognize that a balancing is required between the interests of the client and those of the opposing party. “Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer’s testimony, and the probability that the lawyer’s testimony will conflict with that of other witnesses.” See, Official Comment 4, Rule 3.7, ABA Model Rules; Comment, Rule 4r-3.7, Rules Regulating The Florida Bar.
The above noted standards reflect a long history of recognizing the problems presented when an attorney is called to appear as a witness. ABA Model Code of Professional Responsibility Disciplinary Rule 5-102(B) provides:
If, after undertaking employment in contemplated or pending litigation[3], a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.
ABA Model Code of Professional Responsibility, DR 5-102(B) (footnote added). Ethical Consideration 5-9 of the ABA Code of Professional Responsibility [4] states that:
If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer *864 also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.
See also, United States v. Arrington, 867 F.2d 122, 125 (2d Cir.) (upholding disqualification of defense attorney called to testify about scheme to obstruct justice in which he was involved), cert. denied, 493 U.S. 817, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989); Draganescu v. First National Bank of Hollywood, 502 F.2d 550 (5th Cir.1974) (interpreting an earlier version of the Code of Professional Responsibility of the Florida Supreme Court, finding that disqualification of attorney did not cause a substantial hardship even though attorney could speak to clients in their own language, Romanian, and had taken case on contingent fee), cert. denied, 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975); United States v. Urbana, 770 F.Supp. 1552 (S.D.Fla.1991) (disqualification of trial counsel required due to possibility that counsel would have to testify at trial).
The Government’s statement that Mr. Lichter will testify as a Government witness at the trial of this case is undisputed. There have been no proffers regarding the facts to which Mr. Lichter intends to testify, i.e., the representation of co-Defendant George Morales, a/k/a Eduardo Medina-Romero. Thus, it cannot be said that Mr. Lichter’s testimony relates to an uncontested issue; nor does the testimony relate solely to a matter of formality. As Defendant Moran is facing serious charges, there is every reason to believe that substantial evidence will be offered in opposition to the testimony of Mr. Lichter. Finally, based on the present posture of this case, the Court does not find that the disqualification of Mr. Lichter will visit a substantial hardship on Defendant Pereira-Salas.
It is clear by application of all pertinent precedents that Defendant Pereira-Salas’ chosen counsel, Irwin Lichter, must be disqualified from representing Defendant at the trial of this case because of Mr. Lichter’s role as a Government witness. However, as the sole basis for disqualification of Mr. Lichter is “distortion of the factfinding process that his appearance at counsel table might engender”, United States v. Castellano, 610 F.Supp. 1137, 1147 (S.D.N.Y.1985), he shall be disqualified only from participating as trial counsel, and may continue to represent Defendant Pereira-Salas until the time of trial. In addition, this disqualification is applicable only in the event that Defendant Pereira-Salas and Defendant Moran are tried in the same proceeding.

B. Disqualification of Howard Srebnick as counsel for Defendant Michael Abbell

The Government asserts several bases for disqualification of Defendant Abbell’s chosen counsel, Howard Srebnick, Esq. The primary basis is the fact of Mr. Srebnick’s ongoing representation of co-Defendant Hugo Perera. Defendant argues that no actual or potential conflict exists: Defendant Perera has pleaded guilty, Defendants Per-era and Abbell have had no contact other than at hearings in this case, there is no evidence linking them, and Defendant Ab-bell’s defense at trial will be independent of Defendant Perera’s interests. At a hearing on this matter, Defendant Perera told the Court that he had paid substantial funds to Mr. Srebnick and wanted Mr. Srebnick to be only his lawyer. Defendant Perera reportedly has retained co-counsel, although no notice of appearance has been entered as of this date. Defendant Abbell has expressed his strong desire to continue being represented by Mr. Srebnick, and has agreed to retain independent counsel if and when a conflict is presented during the trial.
A Defendant can waive his/her right to “conflict-free” representation. United States v. Rodriguez, 982 F.2d 474 (11th Cir.), cert. denied, 510 U.S. 901, 114 S.Ct. 275, 126 L.Ed.2d 226 (1993). The question for the Court is whether Defendant Perera’s expressed desire to keep Mr. Srebnick to himself amounts to an actual conflict. The critical point, of course, will come at the time of Defendant Perera’s testimony in the trial of the remaining Defendants, including Defendant Abbell. Defendant Abbell’s waiver goes *865 a long way toward eliminating the Court’s concern as to the potential problem Defendant Abbell might face when his lawyer (Mr. Srebnick) must cross-examine a former/present client (Defendant Perera). To the extent that Defendant Abbell’s waiver does not completely satisfy this Court’s concern that all Defendants be entitled to counsel of their choice without compromising the rights of other Defendants, Defendant Abbell’s offer to retain independent counsel ultimately has persuaded me that it is proper to permit Mr. Srebnick’s ongoing representation of Defendant Abbell.
The Government’s Motion to Disqualify is GRANTED, in part — as to Defendant Per-eira-Salas, and DENIED — as to Defendant Abbell, consistent with the above discussion.

. The Court's Order of July 18, 1996, granted Mr. Kassner’s Motion to Withdraw.

. In 1977, only eight years after adopting the Model Code of Professional Responsibility, the ABA appointed a Commission on the Evaluation of Professional Standards to recommend revisions to the Code (the Commission was chaired by attorney Robert Kutak and is referred to as the Kutak Commission). After significant debate and revisions by the Commission, the ABA House of Delegates formally adopted the Model Rules/' on August 2, 1983; the majority of states have *863 adopted some variation of the Model Rules. See also, United States v. Urbana, 770 F.Supp. 1552, 1557 (S.D.Fla.1991) (citing Waters v. Kemp, 845 F.2d 260, 265 (11th Cir.1988)). Nevertheless, the Model Code remains a supplemental source of guidance for an attorney’s conduct. Similarly, the ABA Canons are a source of historical guidance.

. The Court notes that Mr. Lichter was aware of his own role as a witness before the grand jury in this case long before he entered into a representation agreement with Defendant Pereira-Salas.

. See also, ABA Canon 5: A lawyer should exercise independent professional judgment on behalf of a client.